UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CDW LLC, CDW DIRECT, LLC, and<br>BERBEE INFORMATION NETWORKS<br>CORPORATION,<br>      Plaintiffs,<br><br>      vs.<br><br>NETECH CORPORATION,<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:10-cv-0530-SEB-DML |

**ORDER REGARDING PROPOSED PROTOCOL LANGUAGE**

On January 31, 2011, the parties appeared before the Court on Plaintiffs'

(collectively, "CDW") Motion for Order to Show Cause and Defendant's ("NETech")

Motion to Modify Preliminary Injunction Order. [Docket Nos. 104 and 130]. The parties'

dispute related to the scope of the Court's Order Granting Motion for Preliminary

Injunction (the "Order") entered on July 7, 2010. That Order stated:

> Defendant NETech and its representatives, agents, employees, successors,
> and assigns, are hereby ENJOINED as follows:
>
> 1. NETech is enjoined from retention, communication, distribution, or
> other such use of any confidential materials or trade secret
> information obtained by CDW's former employees now employed by
> NETech, and shall forthwith diligently and thoroughly search for and
> relinquish to CDW any and all such materials in its possession.
>
> 2. NETech is enjoined from interfering with the former CDW
> employees' covenants not to compete or disclose confidential
> information in any way through territory or account assignments, or
> directing or encouraging contacts with accounts previously
> developed or serviced by the former CDW employees while those

employees were employed by CDW, or from remunerating these employees for any such work produced on behalf of NETech; or in any other way employing, engaging, or otherwise assisting any former CDW employee to perform any duties or services that would in any respect violate the terms of his/her covenant not to compete and confidentiality agreement as well as this preliminary injunction, both of which prohibitions shall commence with the date of the issuance of this Order and extend for such a time as to be in accordance with the time periods contained in each relevant employee's non-compete agreement. This prohibition shall also be coextensive with the injunction in the parallel Wisconsin State Court litigation;

3. NETech is enjoined from recruiting or hiring any other CDW sales agents to perform work in Indiana who are subject to comparably drawn covenants not to compete, while at the same time placing them in the same territories they served when employed by CDW with responsibility for their former customer accounts, for the duration of and consistent with the non-compete agreements between CDW and its current and former employees. When and if NETech engages in future recruitment efforts targeted at CDW employees, notice of such contacts must be provided to NETech's counsel who shall thereafter communicate with CDW's counsel to ensure that those contacts are consistent with and do not encourage violations of the targeted employees' non-compete agreements;

4. NETech is not enjoined from attempting further sales to or servicing of CDW customers tied to or otherwise associated with the former CDW employees, so long as the contacts maintained by NETech with those customers are conducted by someone other than the former CDW employees, while such employees are subject to CDW non-compete agreements. Any such sales or servicing must be performed without reliance on confidential CDW materials or information which NETech may have access.

5. This Order in no way impacts or impairs the parties' rights in the related ongoing proceeding in Wisconsin State Court, CDW Direct, LLC, et al. v. Peterson et al., Case No. 10-cv-2144 (Wis.Cir.Ct. June 30, 2010), and shall therefore have no precedential impact on that or any other pending litigation.

Thus, the Court's Order was limited to the state of Indiana with regard to NETech's "recruiting or hiring any other CDW sales agents to perform work in Indiana who are subject to comparably drawn covenants not to compete." Order ¶ 3. The Court's Order was not limited to Indiana, however, with regard to NETech's "retention, communication, distribution, or other such use of any confidential materials or trade secret information obtained by CDW's former employees now employed by NETech" or "interfering with the former CDW employees' covenants not to compete." Order ¶¶ 1-2.

At the January 31st hearing, counsel for CDW informed the Court of various instances when, according to CDW, NETech had violated the Court's Order. These offenses had to do with certain NETech recruitment efforts of CDW employees and a former CDW employee's contacts with one of his former customers, Maui Jim, allegedly in violation of his non-compete agreement with CDW. As one of its remedies, CDW requested that this Court extend Paragraph 3 of its Order to cover recruitment efforts in Indiana *and Wisconsin*, where CDW maintains that NETech's recruiting of CDW employees has intensified. NETech opposed CDW's suggested modification and requested its own modification to the Order in response to a Wisconsin state court decision that found one type of non-compete agreement that CDW had with two former employees Ann Garcia and Rick Dinkins (the "Garcia/Dinkins agreements") unenforceable.[1]

---

[1] The Wisconsin state court action, CDW Direct, LLC et al v. Peterson et.al., Dane

<mark>(continued...)</mark>

At the close of the hearing, the Court took the parties' arguments under advisement and ordered the parties to seek to reach an agreement on a protocol with regard to the parties' obligations under the Court's original Order. The parties have succeeded in reaching agreements on many of the issues they originally brought before the Court, but remain at impasse with regard to one portion of the agreed upon protocol (in bold below):

    1.    Before an employee or agent of NETech communicates with a current employee of one of the Plaintiffs to ask that current employee whether he or she may be interested in working for NETech in Indiana or in a position that would report to NETech's Indiana office, NETech will inform its counsel of that intention and NETech's counsel will communicate the intention of NETech to counsel for Plaintiffs. Counsel for Plaintiffs shall use this information to determine whether the current employee has post-employment obligations that may impact his or her ability to work for NETech, and Plaintiffs' counsel shall communicate those post-employment obligations to counsel for NETech. The parties shall then cooperate to formulate a plan that will protect Plaintiffs' interests in the event that the current employee chooses to work for NETech. In the event that the parties are unable to agree on such a plan, they will so inform the Court. Plaintiffs will not use the information disclosed by NETech's counsel to harass, discipline or otherwise retaliate against the current employee identified by NETech. **Unless ¶ VIII.3 of the Order is modified by the Court, the restrictions of this paragraph 1 do not extend to the solicitation of current employees of Plaintiffs outside of Indiana or for a position that would not report to NETech's Indiana office.**

    2.    In the event that NETech extends an offer of employment to a current employee of one of the Plaintiffs, and the current employee accepts that offer, counsel for NETech shall inform counsel for Plaintiffs that the NETech offer has been extended and accepted

---

[1](...continued)
County Circuit Court, State of Wisconsin, Case No. 2010-cv-002144 was brought by CDW against its former employees that are now employed at NETech. NETech is not a defendant in that lawsuit.

        before the employee starts work for NETech. Plaintiffs will then have two (2) business days to identify all post-employment obligations that Plaintiffs contend the current employee has. The parties will then use the following three (3) business days to work cooperatively to formulate a plan that will protect Plaintiffs' interests prior to such an employee working for NETech. In the event the parties are unable to agree on such a plan, they will so inform the Court.
3. To the extent that a former employee of one of the Plaintiffs who is now working for NETech *in Indiana or reporting to NETech's Indiana office* has a restrictive covenant comparably drawn to the covenants considered by the Court in its July 7, 2010 Order, NETech will make certain that the employee will abide by each covenant until that covenant expires on its own term or until the Court rules that the covenant is unenforceable.
4. NETech continues to be enjoined from retention, communication, distribution or other such use of any confidential materials or trade secret information obtained by Plaintiffs' former employees now employed by NETech.
5. This protocol will be communicated to all NETech employees and agents involved in the recruiting of employees for NETech, and all NETech employees and agents supervising employees formerly employed by one of the Plaintiffs.

NETech seeks to include this limitation (in bold print) in the protocol arguing that, without it, CDW may disregard the Wisconsin state court ruling regarding the Garcia/Dinkins agreements. CDW rejoins that limiting NETech's responsibility for its employees' adherence to their non-competes to those employees in Indiana or reporting to an Indiana office controverts the Court's prior Order. We agree with CDW on this point.

As mentioned above, Paragraph 2 of the Court's Order, which enjoins NETech from interfering with CDW employees' restrictive covenants, was not limited to NETech's Indiana resident employees or those reporting to an Indiana office. Thus, by requesting that we include this limitation in the portion of the parties' protocol that

applies to employees' restrictive covenants, NETech effectively asks that we modify that Order.

In support of its request, NETech explains that because of the Wisconsin decision regarding the Garcia/Dinkins agreements, without the proposed limitation, "Wisconsin individuals would be free to disregard their Garcia/Dinks type non-compete under Wisconsin law but NETech would be enjoined from employing those individuals." This is, in essence, the same argument NETech offered in support of its Motion to Modify Preliminary Injunction Order. See Tr. 50:9-13 ("The Dinkins/Garcia type covenants ought to be exempted because the employees now are free and clear of these covenants that NETech can't hire them to put them into positions that would otherwise violate their non-competes. That's the position we're in.").

As explained at the January 31st hearing, the Court is not inclined to modify its Order as a result of the contrary Wisconsin trial court order.[2] That decision is not binding on this court and CDW maintains that it will eventually appeal the decision regarding the Garcia/Dinkins agreement. Thus, even if we were to eventually modify the Order in light of the Wisconsin litigation, it would be premature to do so now as opposed to after that litigation has run its course.

However, we do recognize the dilemma created by the parallel litigation in

---

[2]The Court further suggested that if NETech was concerned about an eventual finding that the Dinkins/Garcia type agreements are unenforceable, it could apply for a bond. NETech has since filed a request that CDW post a bond or other security in the amount of $750,000.00 pursuant to Federal Rule of Civil Procedure 65(c). [Docket No. 166]. The Court will consider the request for bond once that issue is fully briefed.

Wisconsin and can anticipate that other conflicts may arise as both cases continue. Thus, we order that the following language be inserted in Paragraph 3 of the parties' proposed protocol for compliance with the Court's Order:

> 3. To the extent that a former employee of one of the Plaintiffs who is now working for NETech **_anywhere outside of Wisconsin or reporting to one of NETech's non-Wisconsin offices_** has a restrictive covenants comparably drawn to the covenants considered by the Court in its July 7, 2010 Order, NETech will make certain that the employee will abide by each covenant until that covenant expires on its own term or until the Court rules that the covenant is unenforceable.

Paragraph 2 of the Court's original Order shall be similarly modified to read as follows:

> 2. NETech is enjoined from interfering with the former CDW employees' covenants not to compete or disclose confidential information in any way through territory or account assignments, or directing or encouraging contacts with accounts previously developed or serviced by the former CDW employees while those employees were employed by CDW, or from remunerating these employees for any such work produced on behalf of NETech; or in any other way employing, engaging, or otherwise assisting any former CDW employee to perform any duties or services that would in any respect violate the terms of his/her covenant not to compete and confidentiality agreement as well as this preliminary injunction, both of which prohibitions shall commence with the date of the issuance of this Order and extend for such a time as to be in accordance with the time periods contained in each relevant employee's non-compete agreement. **_This prohibition shall apply in all states except Wisconsin, in recognition of the ruling in the parallel Wisconsin State Court litigation and so long as it is in effect_**;

This ruling should satisfy NETech's concern about its ability to employ those

individuals' whose non-compete agreements have been deemed unenforceable by the Wisconsin courts. Likewise, this ruling should satisfy CDW's concerns about its need to pursue additional litigation in other states and in light of the fact that many of NETech's key decisions regarding current and former CDW employees appear to emanate from Michigan.[3]

IT IS SO ORDERED.

Date:___02/18/2011_____

                                                                         _____
                                                                         SARAH EVANS BARKER, JUDGE
                                                                         United States District Court
                                                                         Southern District of Indiana

---

[3] We are confident that the implementation of the parties' protocol will enable the parties to avoid conflicts such as those that prompted CDW's Motion for Order to Show Cause. [Docket No. 104]. Thus, CDW's motion is <u>DENIED</u> with the understanding that they may re-file such a motion should any similar conflicts arise. Defendant's Motion to Modify Preliminary Injunction Order [Docket No. 130] is <u>GRANTED IN PART</u> and <u>DENIED IN PART</u> in accordance with this ruling.

Copies to:

Craig T Boggs
PERKINS COIE, LLP
cboggs@perkinscoie.com

Michael R. Brunelle
BARNES & THORNBURG LLP
mbrunelle@btlaw.com

Brian D. Burbrink
BAKER & DANIELS - Indianapolis
brian.burbrink@bakerd.com

David A. Given
BAKER & DANIELS
dagiven@bakerd.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Dwight D. Lueck
BARNES & THORNBURG
dwight.lueck@btlaw.com

Laurence John Oleksa
PERKINS COIE, LLP
loleksa@perkinscoie.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Eric E Walker
PERKINS COIE, LLP
ewalker@perkinscoie.com

Christopher B Wilson
PERKINS COIE LLP
cwilson@perkinscoie.com