UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CDW LLC, CDW DIRECT LLC, and BERBEE INFORMATION NETWORKS CORPORATION (n/k/a CDW TECHNOLOGIES, INC.), | ) ) ) ) ) | |
| Plaintiffs, | ) | CASE NO. 1:10-cv-0530-SEB DML |
| vs. | ) ) | |
| NETECH CORPORATION, | ) ) | |
| Defendant. | ) | |

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs CDW LLC, CDW Direct, LLC, and Berbee Information Networks Corporation (collectively "Plaintiffs") hereby move the Court for leave to file its Second Amended Complaint. Plaintiffs' proposed amendment is minimal and merely adds CDW Government, LLC ("CDW-G"), a wholly-owned subsidiary of Plaintiff CDW LLC, as an additional plaintiff. Plaintiffs believe naming CDW-G is unnecessary, but seek leave in an abundance of caution after NETech's recent allegations that, regardless of NETech's liability or misconduct, CDW LLC cannot recover (and Plaintiffs' expert cannot testify concerning) damages for revenue losses to its wholly-owned subsidiary CDW-G because CDW-G is not a named party. Plaintiffs, therefore, have tailored the narrowest amendment possible addressing the issues belatedly raised by NETech without prejudice to either party or causing any delay.[1]

---

[1] See CDW's Second Amended Complaint for Permanent Injunctive and Other Relief (attached hereto as Exhibit A) as well as a redline comparison reflecting the proposed changes from the First Amended Complaint (attached hereto as Exhibit B).

In the interests of justice and judicial economy, this Court should grant leave to amend the pleadings to conform to the facts alleged and evidence already discovered in this action and to prevent NETech from escaping liability for the harms caused to CDW LLC through CDW-G.

## I.    Background

CDW-G is a wholly-owned subsidiary of CDW LLC that services CDW's publicly and government-owned customers, including state-funded educational institutions and healthcare entities. As is common practice between parent companies and their wholly-owned subsidiaries, CDW-G records its own sales and revenue, but, ultimately, all profits and losses are recognized by its parent company, CDW LLC. Thus, while CDW-G is a distinct corporate entity from CDW LLC, any profits attained or losses suffered by CDW-G directly impact CDW LLC financially.

Plaintiffs seek damages resulting from NETech's misconduct including recovery for losses suffered when NETech interfered with CDW's customer relationships. [*See* Dkt. 131, at 17 ("Count II")] While the former CDW employees at issue did not have a contractual relationship with CDW-G during their tenure at CDW, these employees served CDW's customers whose revenues flowed through CDW-G to CDW LLC. After leaving CDW, these employees then solicited and earned business from those customers on behalf of NETech. Because of the parent-subsidiary relationship between CDW LLC and CDW-G, the losses CDW LLC sought in its First Amended Complaint included revenue and profits relating to revenues made from sales to CDW's customers that would have been initially recorded in CDW-G's financials but would flow up and be reflected in CDW LLC's financial statements.

In September 2011, Mark Hosfield analyzed Plaintiffs' claims against NETech and prepared an expert report identifying Plaintiffs' damages there included losses caused by

NETech's interference with CDW's customers.  In February 2012, NETech moved to exclude Mr. Hosfield's testimony by claiming, among other arguments, that Mr. Hosfield's method of calculating damages was unreliable because he had included damages relating to CDW-G customers as part of his analysis. [Dkt. 257, at 25][2]

NETech makes the argument in its *Daubert* Motion that Plaintiffs cannot recover for sales losses to customers whose revenue CDW initially reports through CDW-G only now after the close of discovery and well past the November 2010 deadline to amend the pleadings set under the Court's Case Management Plan. [Dkt. 109]  NETech failed to assert this as a defense or raise the issue at any point throughout this action.  Instead, NETech raised this issue nearly two years after the beginning of this action and just mere months before trial.  NETech appears committed to this new argument as it recently re-iterated this position during the recent (but unsuccessful) settlement conference before Judge Lynch.

## II.    Justice Requires that Plaintiffs be Permitted to Amend their Complaint

Rule 15 authorizes the liberal amendment of pleadings, especially in circumstances when justice so requires.  *See* Fed.R.Civ.P. 15(a)(2); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004) ("Leave to amend a complaint should 'be freely given when justice so requires'").  Indeed, "[t]he federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading."  *Barry Aviation*, 377 F.3d at 687 (quoting 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1387 (2d. ed. 1990)); *Goodman v. Clark*, 2010 WL 2838396, *19 (N.D. Ind. 2010) (granting leave to

---

[2] For all the reasons stated in CDW's response to that motion (Dkt. 272), CDW denies that its recovery for healthcare, education and government sales is limited.  CDW hereby incorporates by reference the arguments raised in CDW's Reponses to NETech's Motion to Exclude Expert Testimony of Mark Hosfield (Dkt. 272 at 25-28), as if fully set forth herein.

amend complaint to add new plaintiff because amendment was unlikely to cause delay or prejudice defendants).

By contrast, NETech's position – that even damages it wrongfully caused cannot be recovered because CDW's wholly-owned subsidiary CDW-G is not a party – asks this Court to countenance an injustice.  Adding CDW-G as a plaintiff will advance the interest of justice.  There can be no valid basis for opposing this straightforward amendment.  Parent companies, such as CDW LLC, routinely absorb profits or losses recorded by their wholly-owned subsidiaries.  *Cf. Copperweld Corp. v. Independence Tube Corp.*, 476 U.S. 752, 771 (1984) ("A parent and its wholly owned subsidiary have a complete unity of interest….[T]he subsidiary acts for the benefit of the parent, its sole shareholder.").  While the NETech employees at issue did not come from CDW-G, their interference with CDW's customer relationships, while working on behalf of NETech, caused CDW-G, and thus CDW LLC, to lose significant revenue.  If the Court were to accept NETech's arguments relating to the exclusion of CDW-G related damages, on the one hand, and prohibit amendment to add CDW-G as a party on the other, NETech could potentially escape liability for its misconduct.

Beyond this, the addition of CDW-G as a plaintiff will not prejudice NETech nor cause any undue delay in the proceedings. NETech has always been on notice that CDW LLC's claims included lost revenues at CDW-G due to NETech's conduct, and no new discovery is required for CDW-G to advance its claims or for NETech to defend against CDW-G.  CDW's First Amended Complaint timely notified NETech of the conduct that led to CDW-G suffering lost revenue.   In fact, NETech served multiple discovery requests seeking information relating to CDW-G, demonstrating that, at a minimum, NETech recognized that CDW-G's interests may have been harmed.

Finally, all relevant evidence demonstrating that NETech caused CDW-G to suffer revenue losses have already been produced between the parties.[3]  CDW's expert report also sets forth in detail the losses suffered by CDW LLC through CDW-G.  Additional discovery will not be necessary as all factual allegations and legal claims against NETech for damages CDW suffered through revenue losses flowing through CDW-G were already included in the First Amended Complaint, and Plaintiff's damages expert already accounted for those damages in his expert report.  Consequently, NETech will not be required to prepare any new defenses nor address any new damages theories as a result of this amendment.

### III.    Good Cause Supports Plaintiffs' Motion for Leave to Amend its Complaint

"A party seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under [Federal] Rule 16(b)…" *See Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).   "[T]he 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Id.*

Whether a party has demonstrated "good cause" is a determination to be made within the discretion of the Court.  *See Hall v. Richwine*, 2006 WL 4835918, *1 (S.D. Ind. 2006).  The Court's decision in *Richwine* reflects that the good cause standard does not stand in isolation, however, and that justice may serve as the basis to allow a pleading to be amended even after the deadline imposed by any scheduling order has passed.  *See id.* (while "[d]eadlines are important [] so is justice.").  There, the Court found that while it was within its discretion to deny the amendment due to Plaintiff's counsel's lack of diligence, "justice would not be served by such a ruling" because denial of the amendment would prevent the Plaintiff from having his case

---

[3] Plaintiffs have already produced numerous documents in this litigation reflecting that CDW-G maintained relationships with certain customer accounts at issue between NETech and Plaintiffs.  *See e.g.* CDWE 0049113-14, CDWE 0023404].  Likewise, CDW has been able to assess damages suffered by CDW-G, in part through financial documents produced by the parties in this litigation.  *See e.g.* CDWE0313295, CDWE0313317, NETech_00002889, NETech_02890.

decided on the merits, defendants would not be prejudiced by the amendment, and there was ample time for discovery before the dispositive motion deadline. *Id.*

In this case, as in *Richwine*, good cause exists even though the November 2010 deadline to amend the pleadings has passed (Dkt. 109). Plaintiffs were diligent in preparing and developing their claims against NETech for damages first recorded by CDW-G, and NETech was aware of CDW LLC's claims that it had lost revenues through CDW-G as a result of NETech's conduct.

Indeed, both parties conducted discovery in a manner reflecting that CDW LLC was claiming damages for losses reported by its subsidiary, CDW-G.   For example, Plaintiffs specifically identified that NETech had caused damage by interfering with customer accounts whose revenues were reported through CDW-G.[4]  Similarly, NETech's counsel issued discovery requests specifically for documents pertaining to CDW-G[5] and asked questions concerning CDW-G throughout this litigation, including as far back as the preliminary injunction hearing[6] and during depositions of CDW employees[7].  Finally, it is only due to NETech's 11th hour assertion that damages CDW LLC suffered through CDW-G that Plaintiffs have been required to seek this amendment.  Accordingly, good cause as well as the spirit of justice supports Plaintiffs' Motion for Leave to Amend its Complaint.

---

[4] *See e.g.*, Plaintiffs' Second Supplemental Answer to Defendant's First Set of Interrogatories, at 6 (naming, amongst others, Bloomington Hospital as an account purportedly lost as a result of Defendant's purported actions), attached hereto as Exhibit C.

[5] *See e.g.* Defendant's Second Request for Production of Documents to Plaintiffs (Nos. 5,6,8), attached hereto as Exhibit D; Defendant's Third Request for Production of Documents to Plaintiffs (Nos. 1,2,3), attached hereto as Exhibit E.

[6] *See e.g.* Transcript of Preliminary Injunction Hearing, dated June 11, 2010, at pg. 166-168, attached hereto as Exhibit F.

[7] *See e.g.* Deposition of Christina Rother, dated September 21, 2011, at pg. 24-28, attached hereto as Exhibit G; Deposition of Robert Rossi, dated September 20, 2011, at pgs. 9-13, attached hereto as Exhibit H.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that this Court grant CDW leave to file its Second Amended Complaint.


Dated:  May 31, 2012

By: s/ Abiman Rajadurai
Craig T. Boggs*
Jeannil D. Boji*
Brandy R. McMillion*
Abiman Rajadurai*
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603
Telephone: 312-324-8400
Facsimile: 312-324-9400
cboggs@perkinscoie.com
jboji@perkinscoie.com
bmcmillion@perkinscoie.com
arajadurai@perkinscoie.com

*Admitted Pro Hac Vice

FAEGRE BAKER DANIELS LLP
David A. Given, #15749-49
300 North Meridian Street
Suite No. 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-1000
Facsimile: (317) 237-0300
david.given@faegrebakerd.com

*Attorneys for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney certifies that on the 31st day of May 2012, he caused a true and correct copies of **PLAINTIFFS' CDW LLC, CDW DIRECT, LLC, AND BERBEE INFORMATION NETWORKS CORPORATION MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** was filed electronically and notice of this filing will be sent to the parties listed below by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Donald E. Knebel
Dwight D. Lueck
Aaron M. Staser
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204
dknebel@btlaw.com
dlueck@btlaw.com
astaser@btlaw.com

_/s/ *Abiman Rajadurai*_____ _____