UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CDW LLC, CDW DIRECT LLC, and BERBEE INFORMATION NETWORKS CORPORATION (n/k/a CDW TECHNOLOGIES, INC.), | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO.: 1:10-cv-0530-SEB-DML |
| NETECH CORPORATION, | )<br>)<br>) |
| Defendant. | ) |

## Entry on Plaintiffs' Motion for Leave to File Amended Complaint

This matter is before the court on a motion (Dkt. 304) by the plaintiffs for leave to file a second amended complaint to add a new plaintiff—CDW Government LLC—which is a wholly-owned subsidiary of plaintiff CDW LLC and a sister corporation to the other two plaintiffs. NETech opposes the motion on the grounds that (a) the plaintiffs have not shown good cause to amend after the case management deadline and have unduly delayed in seeking leave to amend and (b) NETech will be prejudiced by the proposed amendment. The court agrees with NETech. The course of proceedings demonstrates that the plaintiffs made a strategic decision not to include CDW Government as a plaintiff in this case. It is too late now to change course. The plaintiffs' motion for leave to amend is DENIED.

### Background

CDW LLC, CDW Direct LLC, and Berbee Information Networks Corporation (hereafter, "CDW-Berbee") brought this suit in April 2010, alleging that defendant NETech Corp. had raided their employees, who went to work for NETech in violation of the employees' non-compete agreements. The plaintiffs also alleged that the employees gave confidential

information to NETech (some of it before they even left their jobs) that was used to steal customers. Early in the case, the plaintiffs moved for a preliminary injunction to enforce the non-competition agreements and prevent NETech's interference with them, and the court heard testimony and argument over six days in May, June, and July 2010. At that time, NETech raised its defense that the plaintiff corporations must be treated as separate corporate entities capable of enforcing only their own respective contractual rights. NETech's counsel stated:

> There are three Plaintiffs in this case who have named CDW in them. One has the name Berbee in them. They are separate corporations or LLCs. It will be important, as the evidence shows, to know and keep the distinction there . . . . It will not be acceptable to us to use CDW as a name to describe three separate corporations with three separate interests.

Transcript of May 14, 2010 hearing at p. 10, lines 16-22, Dkt. 314-1. The issue arose at that point because some of the employees' non-compete agreements were not with any of the plaintiffs. The employees' agreements were with a Wisconsin corporation (Wisconsin-Berbee), which had been acquired by CDW LLC (actually by CDW Corporation, a predecessor to CDW LLC). The acquisition was effected by CDW LLC's creation of a wholly-owned acquisition subsidiary, into which Wisconsin-Berbee had been merged. The surviving entity was plaintiff Berbee Information Networks Corporation (CDW-Berbee).

After CDW-Berbee's entry into the CDW parent family and to integrate its operations with the CDW family as a whole, many CDW-Berbee employees and CDW-Berbee customer accounts were transferred to other CDW subsidiaries. For example, some CDW-Berbee employees and some CDW-Berbee customer accounts were transferred to plaintiff CDW Direct LLC. CDW Direct LLC is a wholly-owned subsidiary of CDW LLC, and it sells its services to commercial businesses and not-for-profit corporations. Other CDW-Berbee employees and CDW-Berbee customer accounts were transferred to non-party CDW Government LLC, also a

wholly-owned subsidiary of CDW LLC, which sells its services to local, state, and federal governments, and educational institutions and healthcare facilities. Other CDW-Berbee employees and CDW-Berbee customer accounts apparently stayed with CDW-Berbee.

NETech argued in opposing the plaintiffs' request for preliminary injunctive relief that the employment of the persons who had worked for Berbee-Wisconsin ended when the employees were transferred to CDW Direct, making their two-year tail period of non-competition over by the time the plaintiffs brought suit or were seeking injunctive relief. The court, initially, found that NETech had not offered evidence or timely legal authority to support this defense, and had agreed with the plaintiffs that CDW LLC was the surviving entity after the merger and was entitled to enforce the non-compete agreements. *See* Order Granting Defendant's Motion for Partial Summary Judgment, Dkt. 255, at p. 8. Later, on February 16, 2012, and after the introduction of evidence on summary judgment on this issue, the court ruled that CDW-Berbee was the surviving entity in the merger (not CDW LLC) that succeeded to the contractual rights and obligations of Berbee-Wisconsin, and that neither its parent (CDW LLC) or a sister corporation (CDW Direct) has the right to enforce the contractual rights possessed by CDW-Berbee. *Id.* at p. 13.

In the meantime, the parties' discovery efforts concerned damages the plaintiffs were seeking for NETech's alleged tortious conduct, and included NETech's depositions of a CEO of the plaintiff corporations on September 24, 2011, and the plaintiffs' damages expert, Mark Hosfield, on November 16, 2011. NETech's questioning during these depositions raised the issue that CDW Government was a separate corporation from the plaintiffs but that Mr. Hosfield's damages calculations included damages relating to lost profits on customers served by CDW Government and not by the plaintiffs. *See* NETech's opposition to motion for leave to

amend, Dkt. 312, at pp. 4-5.  One month later, in December 2011, NETech served its own expert report on damages, which critiqued Mr. Hosfield's damages theories in part on the ground that Mr. Hosfield had included lost revenues for CDW Government customers even though CDW Government is not a named party.  *Id.* at p. 5.  Two months later, in February 2012, NETech filed a *Daubert* motion (Dkt. 256) regarding Mr. Hosfield's expert opinions challenging, among other things, Mr. Hosfield's inclusion in his damages calculation lost profits attributable to CDW Government customers.  *See id.* at p. 6.  The latter motion is pending before the court.

## Analysis

The plaintiffs' motion for leave to amend to add CDW Government was filed May 31, 2012, about 19 months past the November 1, 2010 deadline for pleading amendments under the case management order.  *See* Dkt. 109 at Section III.D.  To amend after the expiration of the court's case management deadline, Federal Rule of Civil Procedure 16(b) requires the moving party to show "good cause."  *Alioto v. Town of Lisbon,* 651 F.3d 715, 719-720 (7th Cir. 2011).  The good cause inquiry focuses primarily on whether the moving party acted diligently.  *Id.*; *Trustmark Ins. Co. v. General & Cologne Life Re of America,* 424 F.3d 542, 553 (7th Cir. 2005).  Once a party has satisfied the showing under Rule 16(b), it must satisfy Rule 15(a).  *Alioto*, 651 F.3d at 719-720.  Rule 15(a)'s liberal standard allows for amendments at virtually any time during the course of litigation, though the court may deny leave to amend for undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility.  *Shotts v. Bombardier, Inc.,* 2006 WL 1663837 at *1 (S.D. Ind. June 8, 2006).  Prejudice to the opposing party is the most important factor.  *Id.* (citing 6 Charles Alan Wright *et al.,* Federal Practice and Procedure § 1487 (2d ed. 1990)).  When an amendment proposes to add a party, Rules 20 and 21 also are considered, and the court may deny amendment because joinder creates undue

"prejudice, expense or delay." *Chavez v. Illinois State Police,* 251 F.3d 612, 632 (7th Cir. 2001) (citing Charles Alan Wright *et al.,* Federal Practice and Procedure § 1652 at 396 (2001)).

  The plaintiffs have not demonstrated the requisite good cause to allow amendment nearly 19 months past the deadline. They have known for more than two years that a theme of NETech's defense is that the plaintiffs and the court must respect the plaintiffs' separate corporate identities. Although it may not have been apparent early that this defense theme was directed at damages too—and specifically to the recovery of damages attributable to CDW Government customers because CDW Government is not a party—the plaintiffs were practically hit over the head with this defense during the deposition questioning of Mr. Hosfield in November 2011. The court has little doubt that the plaintiffs' counsel knew exactly what NETech was driving at, and very likely assessed at that point (more likely re-assessed) whether to join CDW Government as a party plaintiff. The plaintiffs' litigation decision then, for whatever reasons, was to keep CDW Government as a non-party, and that decision remained the strategy even after (a) NETech served its expert's report; (b) NETech sought summary judgment on the theory that CDW LLC could not assert contractual rights under non-compete agreements belonging to its subsidiary corporation; (c) the court granted partial summary judgment to NETech; and (d) NETech filed its *Daubert* motion.

  The plaintiffs did not act with diligence in seeking to amend their compliant to add a new party and thus have not demonstrated good cause for permitting amendment past the case management deadline. *See Carroll v. Stryker Corp.,* 658 F.3d 675, 684 (7th Cir. 2011) (affirming district court's denial of motion for leave to amend when the motion was filed seven months after the deadline for amending pleadings, and rejecting argument that the plaintiff's counsel's

5

delay should be excused because he had not understood a defense theory that the court called "obvious").

Moreover, even considering Rule 15(a) and Rule 20 guidelines, the court finds NETech would be unduly prejudiced if CDW Government were permitted to join the case now.  Although it *may* be true that discovery would not have been different had CDW Government been a party,[1] NETech has structured much of its defense based on CDW Government's non-party status.  It would be unfair to require NETech to change its strategy at this late date, after discovery has closed, and after having briefed motions and sought relief based on the non-party status.  *See Johnson v. Cypress Hill,* 641 F.3d 867, 872 (7th Cir. 2011) (affirming denial of leave to amend when plaintiff waited for years after litigation commenced, after discovery closed, and after dispositive motion was filed challenging deficiency plaintiff had been alerted to much earlier and which the proposed amendment now was trying to obviate).

## Conclusion

For the foregoing reasons, the plaintiffs' motion (Dkt. 304) for leave to amend the complaint to add CDW Government as a party plaintiff is DENIED.

So ORDERED.

Date: __08/14/2012__

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:  All ECF-registered counsel of record

---

[1] The plaintiffs insist that they did not withhold discovery based on CDW Government's non-party status, although they did raise its non-party status as an objection to some discovery requests.  *See* NETech's opposition brief, Dkt. 312, at p. 3.  It seems likely that controlling the scope of discovery was one reason the plaintiffs purposefully left CDW Government off the caption.  At earlier points in this litigation, NETech attempted to construct an equitable defense and broaden discovery based on alleged wrongdoing by CDW Government.  Even if the scope of discovery conducted by the parties was not, in the end, materially affected by CDW Government's non-party status, discovery matters affecting CDW Government caused the plaintiffs' counsel to continue to assess the decision not to make CDW Government a party.